◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 29, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that the evidence is legally sufficient to support the defendant's conviction of the crime charged *(see, People v Lewis,* 64 NY2d 1111). Moreover, upon

the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In order to support a conviction for burglary in the second degree under Penal Law § 140.25 (1) (d), the evidence must establish beyond a reasonable doubt that during the commission of the burglary or in the immediate flight therefrom, the defendant must have displayed "what appear[ed] to be a pistol, revolver, rifle, shotgun, machine gun or other firearm". In addition, the Court of Appeals has interpreted an analogous "display" provision under the robbery statute (Penal Law § 160.15 [4]) to require that: "[t]he defendant * * * consciously display something that could reasonably be perceived as a firearm * * * Furthermore, the display must actually be witnessed in some manner" (People v Baskerville, 60 NY2d 374, 381). The testimony of the People's witnesses at the trial showed that the defendant gained access to a fifth-floor apartment by climbing a fire escape, took various items of gold jewelry, and was about to effectuate his escape when two police officers arrived on the scene. The officers watched from the third floor of the fire escape as the defendant backed out of the window holding what appeared to be a large black gun. The officers identified themselves and ordered the defendant not to move, but he retreated back through the window. When Officer Delaney reached the apartment window he watched as the defendant attempted to unlock the front door with one hand while still holding the gun in the other. The officer kept his eyes on the gun until the defendant turned towards him whereupon he ducked. The defendant then threw the gun onto a nearby table and ran out the door. Backup officers, who had been alerted to the fact that the defendant carried a gun, apprehended him as he attempted to leave the building. The object which the officers observed the defendant throw on the table was later determined to be a pellet gun. This evidence was sufficient to satisfy the requirements of the statute.

Turning to the defendant's claims of prosecutorial misconduct, we note that the prosecutor's use on cross-examination of a statement made by the defendant during an aborted plea allocution was improper (see, People v Moore, 66 NY2d 1028, 1030). Nonetheless, the brief reference to the defendant's prior statement for impeachment purposes was not sufficiently prejudicial to constitute reversible error in view of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230). For the same reason, the defendant's remaining claims of

prosecutorial misconduct do not warrant reversal. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.