■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE MIKELL, Appellant.—Judgment, Supreme Court, Bronx County (Beverly S. Cohen, J.), rendered June 23, 1989, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 5 to 15 years, 5 to 15 years, and two terms of 2⅓ to 7 years, respectively, unanimously affirmed.

By failing to return for the trial after a weekend recess of his *Sandoval* hearing, defendant forfeited his right to be present at trial regardless of whether he knew that the trial would continue in his absence *(People v Sanchez,* 65 NY2d 436, 443-444; *People v Smith,* 66 NY2d 755). Defendant has failed to demonstrate that the trial court neglected to inform him of the consequences of his failure to appear for trial, and there is no reason to disturb the trial court's conclusion that defendant's absence was voluntary and knowing.

For the reason that counsel did not affirmatively challenge the trial court's dismissal of a sworn juror for non-residency in Bronx County on the grounds now asserted on appeal, at a time when the court could have corrected the claimed error, the claim is not preserved for review as a matter of law

*(People v Hopkins,* 76 NY2d 872). Nor are defendant's constitutional claims preserved as a matter of law *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). In any event, were we to review in the interest of justice, we would note the juror's testimony that he lived with his sister in Manhattan, and, despite ongoing contacts with the Bronx, would find that the juror was properly dismissed because not a resident of Bronx County. In order to qualify as a juror, a person must be a resident of the county (Judiciary Law § 510 [1]), a requirement that goes to the substance of a juror's function and competence to serve *(People v Foster,* 64 NY2d 1144, 1146, *cert denied* 474 US 857). Since this juror was not discharged as being grossly unqualified because of impropriety or bias, the more stringent requirements of *People v Page* (72 NY2d 69) do not apply.

Defendant's claim that certain comments made by the prosecutor during summation deprived him of a fair trial was not preserved by an objection specifying the grounds raised on appeal and, in view of the overwhelming evidence of guilt, we decline to review in the interests of justice *(People v Alexander,* 153 AD2d 507, 509, *affd* 75 NY2d 979). Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.