■ THE PEOPLE OF THE STATE OF NEW YORK, Resondent, v ANTHONY BARRETT, Also Known as ANTHONY W. BARRETT, Appellant. [669 NYS2d 244] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered November 6, 1995, convicting him of robbery in the first degree (two counts) and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[W]here a defendant's trial testimony offers one version of the events in question, and his prior remark to a police officer suggests a contrary view of those events, the jury is entitled to hear the previous statement so that it may fully assess the witness' credibility" (*People v Wise,* 46 NY2d 321, 327-328). In the instant case, the statement by the defendant that was suppressed in his first trial was properly admitted.

Further, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's conten-

tion, the People established the element of displaying what appeared to be a handgun during the course of the crime (see, Penal Law § 160.15). "The element of display is satisfied when the evidence establishes that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of taking property, and the victim actually perceived the display * * * Thus, even a hand consciously concealed in clothing may suffice, if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery" (People v Washington, 229 AD2d 601, 602; see, People v Lopez, 73 NY2d 214, 220; People v Baskerville, 60 NY2d 374, 381). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions lack merit. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.