# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1323**

**KA 08-01510**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TIMOTHY S. CURRAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

TIMOTHY S. CURRAN, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, A.J.), rendered May 16, 2008.  The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the third degree (six counts) and endangering the welfare of a child (nine counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of six counts of criminal sexual act in the third degree (Penal Law § 130.40 [2]) and nine counts of endangering the welfare of a child (§ 260.10 [1]).  Defendant failed to preserve for our review his contention that County Court erred in denying his challenge for cause to a prospective juror on the ground that she expressed an unwillingness to afford him the requisite presumption of innocence (*see* CPL 470.05 [2]).  Defendant challenged that prospective juror for cause on another ground, i.e., based on the concern that she "seemed totally confused the whole time she was out there," and we decline to exercise our power to review defendant's present contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's contention that the court improperly applied the Rape Shield Law (CPL 60.42) in precluding the cross-examination of two prosecution witnesses with respect to whether the victim engaged in online conversations with other firemen from the fire station where defendant was employed.  Contrary to defendant's contention, such evidence was not relevant to support his defense that the victim's testimony was fabricated (*see People v Scott*, 67 AD3d 1052, 1054-1055, *affd* 16 NY3d 589; *People v Weinberg*, 75 AD3d 612, 613, *lv denied* 15 NY3d 896).

Defendant further contends that the court improperly limited his cross-examination of the victim and another prosecution witness on the issue whether the victim ever sent defendant a text message containing a racial slur.  We reject that contention.  "The probative value of the testimony that defendant sought to elicit was outweighed by the possibility of unduly prejudicing the People, confusing the issues, or misleading the jury" (*People v Dean*, 299 AD2d 892, 892, *lv denied* 99 NY2d 613).

Defendant failed to preserve for our review his contention that the victim's testimony concerning her disclosure to her friend about her relationship with defendant was not a complaint or expression of outrage sufficient to qualify under the "prompt outcry" exception to the hearsay rule (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Although we agree with defendant that the People failed to establish that the disclosure was made at the " 'first suitable opportunity' " (*People v McDaniel*, 81 NY2d 10, 17, quoting *People v O'Sullivan*, 104 NY 481, 486), we conclude that the error is harmless.  The proof of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant were it not for the error (*see generally People v Arafet*, 13 NY3d 460, 467; *People v Crimmins*, 36 NY2d 230, 241-242).  We note that the victim's testimony about her *own* out-of-court statements did not constitute hearsay and, therefore, application of the "prompt outcry" exception was not necessary for the admission of that testimony.  However, we are constrained to review and affirm a judgment of conviction only on those issues decided adversely to defendant (*see People v Concepcion*, 17 NY3d 192, 195).  The court's initial incorrect ruling, that the victim's testimony about her own out-of-court statements constituted hearsay, was actually in defendant's favor and is therefore not subject to our review (*see id.*).

Defendant also failed to preserve for our review his contention that the testimony of the prosecution witness about the victim's disclosure of her relationship with defendant was not a "prompt outcry" because it was not made at the first suitable opportunity (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's further contention that the victim's disclosure about her relationship with defendant to the prosecution witness was not a sufficient complaint or expression of "outrage" (*see generally People v Bennett*, 79 NY2d 464, 472; *People v Taylor*, 75 NY2d 277, 286).  In any event, we conclude that any error in the admission of that testimony is harmless (*see generally Arafet*, 13 NY3d at 467).

Defendant failed to preserve for our review his contention in his pro se supplemental brief that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19).  Contrary to the further contention of defendant in his pro se supplemental brief, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v*

*Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contentions in his pro se supplemental brief that the court erred in admitting evidence of an uncharged crime and that he was denied a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  February 1, 2013                        Frances E. Cafarell
                                                  Clerk of the Court