■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JONES, Appellant. [965 NYS2d 729]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Rienzi, J.), imposed August 23, 2010, on the ground that the sentence was excessive.

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered July 13, 2010, convicting him of burglary in the first degree (two counts), burglary in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree (*see* Penal Law § 140.25 [1] [d]) and

burglary in the first degree under count two of the indictment (*see* Penal Law § 140.30 [2]) beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the evidence was sufficient to establish the element of displaying what appeared to be a handgun during the course of the crime (*see People v Barrett*, 247 AD2d 626, 626-627 [1998]; *People v Moore*, 134 AD2d 530, 531 [1987]), and to establish that, with respect to count two of the indictment, the complainant sustained a "[p]hysical injury" within the meaning of Penal Law § 10.00 (9) (*see People v Louis*, 99 AD3d 725, 726 [2012]; *People v Rahman*, 84 AD3d 1119, 1120 [2011]; *People v Brown*, 243 AD2d 749, 749-750 [1997]; *People v Miller*, 146 AD2d 809, 810 [1989]; *cf. People v Oquendo*, 134 AD2d 203, 203-204 [1987]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.