Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 15, 2012, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that counsel was ineffective for failing to request remedial action after the complainant testified that threats had been made to his children is without merit. The defendant failed to show a lack of strategic or other legitimate reasons for defense counsel’s conduct (see People v Brown, 17 NY3d 742 [2011]; People v Koki, 74 AD3d 987 [2010]; People v Ramkissoon, 36 AD3d 834 [2007]). Counsel may have refrained from moving to strike the testimony or for a mistrial so as not to draw further attention to that testimony (see People v Wragg, 115 AD3d 1281 [2014], lv granted 23 NY3d 1070 [2014]; People v Williams, 107 AD3d 1516 [2013]; People v Bethune, 80 AD3d 1075 [2011]). The evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
The court did not err in denying the defendant’s request to charge petit larceny as a lesser-included offense. There is no reasonable view of the evidence that would support a finding that the defendant committed the lesser crime of petit larceny but not the greater crimes of robbery in the first degree and robbery in the second degree (see People v Ruggiero, 282 AD2d 765 [2001]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish the defendant’s guilt of robbery in the first degree and robbery in the second degree. Moreover, in *807 fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s remaining contention is partially unpreserved for appellate review (see People v Curran, 103 AD3d 1126 [2013]) and, in any event, is without merit.
Mastro, J.P., Austin, Maltese and Barros, JJ., concur.