■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MOTAYNE, Also Known as TONY HOWARD, Appellant. [8 NYS3d 427]—Appeal by the defendant from a judgment of the County Court, Nassau County (McCormack, J.), rendered December 13, 2011, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, criminal mischief in the fourth degree, criminal possession of a weapon in the third degree, and false personation, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in denying the defendant's challenge for cause to a prospective juror, made on the ground that the prospective juror was not a resident of Nassau County. Contrary to the defendant's contention, the subject juror qualified as a resident of Nassau County (see Judiciary Law § 510 [1]; Ackley v Goodman, 131 AD2d 360, 362 [1987]; cf. Matter of Camardi v Sinawski, 297 AD2d 357, 358 [2002]; People v Mikell, 183 AD2d 411 [1992]).

The People were not required to serve the defendant with notice pursuant to CPL 710.30 (1) (b) regarding the testimony of Robert Sorrenti. Sorrenti's identification of the defendant was not orchestrated by the police, and as such, CPL 710.30 (1) (b) does not apply (see People v Gissendanner, 48 NY2d 543, 552 [1979]; People v Alvarenga, 25 AD3d 560, 561 [2006]; People v Southerland, 288 AD2d 497, 497-498 [2001]; People v Lino, 121 AD2d 472 [1986]). The defendant's contention that Sorrenti was acting as a government agent such that notice of his testimony was required pursuant to CPL 710.30 (1) (a) is unpreserved for appellate review and, in any event, without merit.

To the extent that the defendant contends in point one of his pro se supplemental brief that the evidence was legally insufficient to establish his guilt of robbery in the first degree, this contention is unpreserved for appellate review and, in any event, without merit (see CPL 470.05 [2]; Penal Law § 160.15 [4]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]; People v Baskerville, 60 NY2d 374, 381 [1983]; People v Sancho, 124 AD3d 806 [2015]; People v Barrett, 247 AD2d 626 [1998]; People v Moore, 134 AD2d 530 [1987]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention, raised in point two of his pro se supplemental brief, that he was deprived of the effective assis-

tance of counsel, is without merit. Viewing the record as a whole, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Counsel presented a reasonable defense, interposed appropriate objections, and effectively cross-examined the People's witnesses. Unsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel (*see People v Lee*, 105 AD3d 870, 871 [2013]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.