People v Harriger (2021 NY Slip Op 06516)





People v Harriger


2021 NY Slip Op 06516


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


963 KA 15-00768

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROY D. HARRIGER, DEFENDANT-APPELLANT. 






RICHARD L. SULLIVAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION, FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered April 6, 2015. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). Contrary to defendant's contention, he was not denied effective assistance of counsel when defense counsel elicited evidence of uncharged acts of sexual abuse and other prior bad acts. Defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's" actions (People v Nicholson, 26 NY3d 813, 831 [2016]; see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). Given the nature of this case, including the lack of any viable defense beyond attacking the credibility of the People's witnesses, we conclude that defense counsel's attempt to cast doubt on the allegations of the witnesses by making those allegations seem almost too incredible to be true "reflects a reasonable and legitimate strategy under the circumstances and evidence presented" (Benevento, 91 NY2d at 713). Although defendant contends that there was no possible "upside" to the strategy pursued by defense counsel at trial, we note that the jury acquitted defendant on the count of the indictment relating to one of the three complainants. It cannot therefore be said that defense counsel's strategy was wholly unsuccessful. Viewing the evidence, the law and the circumstances of this case as a whole and as of the time of the representation, including the fact that defendant was acquitted of a charge relating to a third alleged victim, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that the verdict with respect to count four of the indictment is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on that count is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting Bleakley, 69 NY2d at 495; see People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]). We perceive no basis in the record for us to substitute our credibility determinations for those of the jury.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court