People v Richards (2022 NY Slip Op 04921)

People v Richards

2022 NY Slip Op 04921

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2018-05747
 (Ind. No. 2796/16)

[*1]The People of the State of New York, respondent,
v
Ronaldo Richards, appellant.

Patricia Pazner, New York, NY (Alexis A. Ascher of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni Piplani, and Adarna De Frietas of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. LoPresto, J.), rendered April 10, 2018, convicting him of burglary in the first degree, aggravated criminal contempt, grand larceny in the fourth degree, criminal contempt in the first degree (five counts), assault in the third degree, menacing in the second degree, criminal mischief in the fourth degree, petit larceny, endangering the welfare of a child, criminal possession of a weapon in the fourth degree (two counts), and unlawful sale or possession of an air pistol, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived the effective assistance of counsel is without merit. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Honghirun, 29 NY3d 284, 289; People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668). Defense counsel's decision to cross-examine the complainant about her application to obtain a visa under the Violence Against Women Act (34 USC § 12291 et seq.), despite the fact that it opened the door to testimony about the defendant's prior bad acts, was a matter of trial strategy. Counsel was attempting to undermine the complainant's credibility by showing that she had a motive to lie (see People v Harriger, 199 AD3d 1482). It is well settled that "[u]nsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel" (People v Motayne, 128 AD3d 732, 733). Likewise, counsel was not ineffective for failing to move for a trial order of dismissal on the counts of burglary in the first degree (Penal Law § 140.30[2]), aggravated criminal contempt (id. § 215.52[1]), and assault in the third degree (id. § 120.00[2]) on the ground that the element of physical injury had not been established, since that motion had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Maschoun, 186 AD3d 1402, 1404). For that same reason, counsel was not ineffective for failing to request a missing witness charge (see People v Benjamin, 188 AD3d 715, 716; People v Cowell, 149 AD3d 866, 866-867) or for failing to object to certain testimony (see People v Sukhdeo, 103 AD3d 673, 674).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court