People v Salas (2022 NY Slip Op 05337)

People v Salas

2022 NY Slip Op 05337

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-10466
 (Ind. No. 452/18)

[*1]The People of the State of New York, respondent,
v
Bernard Salas, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered July 24, 2019, convicting him of criminal possession of a weapon in the third degree and assault in the third degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon review of the record here, we are satisfied that the verdict of guilt on each of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel as a result of defense counsel's concession during his opening statement of the defendant's guilt of assault in the third degree is without merit. "Under both the New York and federal standards, defendant bears the burden of establishing that counsel's performance was constitutionally deficient" (People v Maffei, 35 NY3d 264, 269; see People v Benevento, 91 NY2d 708, 712). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d at 712-713; see People v Pavone, 26 NY3d 629, 646-647; People v Johnson, 152 AD3d 620, 621). "[A] reviewing court must be careful not to 'second-guess' counsel, or assess counsel's performance 'with the clarity of hindsight,' effectively substituting its own judgment of the best approach to a given case" (People v Pavone, 26 NY3d at 647, quoting People v Benevento, 91 NY2d at 712). Here, the defendant failed to show that the challenged tactic employed by defense counsel lacked a legitimate strategic basis (see People v Horton, 181 AD3d 986, 998; People v Hines, 46 AD3d 912, 913; People v Allen, 285 AD2d 470, 471) and, viewing the record as a whole, the [*2]defendant was afforded meaningful representation (see Strickland v Washington, 466 US 668, 687; People v Benevento, 91 NY2d at 712; People v Baldi, 54 NY2d 137).
The defendant's remaining contention is without merit.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court