People v Gonzalez (2022 NY Slip Op 06714)

People v Gonzalez

2022 NY Slip Op 06714

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2017-07057
 (Ind. No. 2206/15)

[*1]The People of the State of New York, respondent,
v
Kenny Gonzalez, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Theresa Yuan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered June 26, 2017, convicting him of grand larceny in the third degree (three counts), perjury in the first degree, possession of burglar's tools (two counts), and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support the conviction of criminal mischief in the fourth degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to support that conviction. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding the Supreme Court's alleged mid-trial reversal of a pretrial ruling that does not appear on the record cannot be reviewed on direct appeal, as those contentions are based upon matter dehors the record (see People v Drago, 207 AD3d 559, 561).
The defendant's remaining contentions regarding claimed evidentiary errors are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). Further, we reject the defendant's contention that his counsel was ineffective for failing to object to the claimed evidentiary errors, as the defendant failed to show the absence of a legitimate trial strategy for allowing the evidence to be admitted (see People v Salas, 208 AD3d 1368; People v Richards, 208 AD3d 603). "It is well settled that '[u]nsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel'" (People v Richards, 208 AD3d at 603, quoting People v Motayne, 128 AD3d 732, 733).
Contrary to the defendant's contention, the sentencing proceeding was not "'permeated with improper considerations and prejudicial references'" so as to deprive him of due process of law (People v Olds, 24 AD3d 571, 572, quoting People v Bejarano, 287 AD2d 727, 727-728). Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court