■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALICIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered September 15, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial omnibus motion as sought the suppression of certain physical evidence.

Judgment affirmed.

Criminal Term's ruling was proper because defendant did not have an expectation of privacy in the vacant apartment from which the physical evidence was recovered by the police (see, United States v Salvucci, 448 US 83; People v Cofresi, 60 NY2d 728; People v Ponder, 54 NY2d 160; People v Cacioppo, 104 AD2d 559). Furthermore, under the circumstances of this case, Criminal Term properly held that, upon seeing the officers approach, defendant entered the vacant apartment and attempted to divest himself of incriminating evidence, which was a calculated rather than a spontaneous act. Hence, defendant's shoulder bag and its contents constituted abandoned property which the officers were authorized to take into their possession. Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.