THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REDDICK, Appellant.

The undisputed testimony of the arresting officers at the suppression hearing established that on October 7, 1982, at about 12:15 P.M., Sergeant Leonard Mohamed and his partner were responding to a radio run of the pursuit of a suspect in the vicinity of Wilson Avenue and Palmetto Street in Brooklyn. Within minutes, they were flagged down by an unidentified Hispanic man and woman who pointed out the defendant as just having "robbed" a house on Bushwick Avenue. The sergeant observed the defendant place a black garbage bag containing a large object on the ground and walk briskly away. Mohamed approached the defendant and brought him to his partner, who discovered that a television set was in the bag. A second radio run verified that a burglary had, in fact, been committed at a premises on Bushwick Avenue and an additional suspect (the codefendant) had been apprehended. The defendant was taken to the station house for further investigation and was formally arrested and searched.

The motion to suppress physical evidence was properly denied. The information provided by the unidentified civilians

was sufficient to justify a stop of the defendant for the purpose of being questioned by the police (see, People v Russ, 61 NY2d 693). The defendant's conduct with respect to the garbage bag constituted an abandonment thereof which authorized its seizure by the police without violating the defendant's constitutional rights (see, People v Alicia, 113 AD2d 944). As the items seized from the defendant's person at the station house were the result of a search incident to a lawful arrest based upon probable cause, the items were properly found to be admissible. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.