■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO WHITE, Appellant. [620 NYS2d 436] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 17, 1992, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt of rape in the first degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Further, the defendant's contention that the trial court improperly injected itself into the proceedings is belied by the record. "The role of the Trial Judge is neither that of automaton nor advocate" *(People v Yut Wai Tom,* 53 NY2d 44, 56) and his or her function is to clarify the issues and facilitate the orderly and expeditious progress of the proceedings *(see, People v Yut Wai Tom, supra).* This function includes the obligation to encourage clarity in the development of the proof *(see, People v Yut Wai Tom, supra,* at 56; *People v De Jesus,* 42 NY2d 519; *People v Robinson,* 137 AD2d 564).

Finally, the defendant's assertion that the trial court committed reversible error in permitting the jurors to take notes without providing cautionary instructions concerning the

notes is unpreserved for appellate review because the defendant never objected to the note taking nor did he make a request that the jurors be instructed *(see, People v DiLuca,* 85 AD2d 439, 444, *supra;* CPL 470.05 [2]). In any event, given the overwhelming evidence of defendant's guilt, permitting the jurors to take notes without providing cautionary instructions was harmless error *(see, People v Crimmins,* 36 NY2d 230). Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.