■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER CARABALLO, Appellant. [634 NYS2d 135] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered November 15, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to establish his guilt of criminal sale of a controlled substance in the third degree and was also insufficient to establish the Supreme Court's geographic jurisdiction are unpreserved for appellate review (see, CPL 470.05 [2]; *People v Moore,* 46 NY2d 1; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The evidence presented was also sufficient to establish the Supreme Court's geographic jurisdiction by a preponderance of the evidence (see, CPL 20.40; *People v Ribowsky,* 77 NY2d 284; *People v Moore, supra).*

The Supreme Court properly ordered the closure of the courtroom during the testimony of the undercover police officer. The undercover officer testified at a closed hearing that he still worked undercover in the immediate vicinity of the defendant's arrest, that he had lost several subjects in the past and had ongoing investigations, that he routinely entered courthouses through a back door to conceal his identity, and that his safety and effectiveness depended on the continued secrecy of his identity as an undercover officer (see, *People v Martinez,* 82 NY2d 436; *People v Anderson,* 210 AD2d 417; *People v Cepeda,* 209 AD2d 631; *People v Mitchell,* 209 AD2d 444; *People v Crowder,* 207 AD2d 559; *People v James,* 207 AD2d 564).

The defendant's further contention that the Supreme Court failed to give adequate cautionary instructions to the jury concerning note-taking is unpreserved for appellate review (see, *People v Stewart,* 179 AD2d 731, *affd* 81 NY2d 877; *People v DiLuca,* 85 AD2d 439). In any event, any error was harmless (see, *People v Stewart, supra; People v Crimmins,* 36 NY2d 230).

Finally, the defendant's sentence was not excessive (see, *People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.