■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MARAGH, Respondent. [691 NYS2d 918] —Appeal by the People from an order of the County Court, Orange County (Berry, J.), dated February 27, 1998, which granted the defendant's motion to set aside a jury verdict finding him guilty of criminally negligent homicide.

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated and the matter is remitted to the County Court, Orange County, for sentencing.

At the trial, the defendant claimed that the victim did not die from blunt trauma to the abdomen, or from blood loss resulting therefrom, but rather died from a venous air embolism. In support of the defendant's contention, Dr. William Stahl estimated the victim's blood volume at about 5,600 cubic centimeters and concluded that she would have to lose 30% of that blood volume before blood pressure fell and 40 to 50% of the blood volume before she died. Other evidence indicated that the victim's total blood loss was 1,500 cubic centimeters.

At the hearing to set aside the verdict, it was revealed that Juror Number 12, who was a registered nurse, stated that the victim's blood loss could have caused ventricular defibrillation and caused her death. This opinion was expressed to a second juror, who was also a nurse and then to the entire jury during deliberations. The second juror did some calculations and shared her calculations with the rest of the jury.

The trial court set aside the verdict on the grounds that Juror Number 12 became an unsworn witness on the People's behalf and the jury did not confine itself to the legally admitted evidence.

The voir dire of Juror Number 12 indicates that, when asked whether she could consider medical evidence without employing her personal expertise, she stated "I won't say that my experience won't affect what I believe". The trial court, in its instructions to the jury, stated that the jurors should determine

credibility "based on your experience". Juror Number 12 was never advised to disregard her personal expertise in determining the credibility of witnesses. The defendant did not seek to disqualify that juror and did not request cautionary instructions. Thus, there is no evidence that the jury violated the trial court's instructions. Any question of law with respect to the propriety of the jury instructions was unpreserved for review (*see,* CPL 470.05 [2]; *People v Caraballo,* 221 AD2d 553).

The defendant's remaining contentions are without merit.

Accordingly, there was no basis to set aside the jury verdict (*see,* CPL 330.30; *People v Carthrens,* 171 AD2d 387). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.