■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX HINES, Appellant. [848 NYS2d 349]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGuire, J.), rendered May 25, 2005, convicting him of attempted grand larceny in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Less than 15 minutes after the police received a radio broadcast and then spoke to an eyewitness at the scene of a crime, they found the defendant within two blocks, wearing the specific clothing described in the broadcast and by the eyewitness. The police had reasonable suspicion to pursue, stop, and detain the defendant based upon the general description of the perpetrator which matched the description of the defendant, the close proximity of the defendant to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant (*see People v Bennett,* 37 AD3d 483, 484 [2007]; *People v Gil,* 21 AD3d 1120, 1121 [2005]; *People v Green,* 10 AD3d 664 [2004]; *People v Holland,* 4 AD3d 375, 376 [2004]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

The defendant's contention that the evidence was legally insufficient to prove his guilt of attempted grand larceny in the third degree is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Furthermore, the concession of guilt on the misdemeanor charge of criminal mischief in the fourth degree by defense counsel was not an indication of incompetence. "[S]uch defense tactics, whereby counsel admits guilt on a lesser charge in the hope that the jury would then be more receptive to the claim that the defendant was innocent of the far more serious offense and acquit him thereof, is a perfectly acceptable strategy which should not be 'second guess[ed]' by the courts" (*People v Allen,* 285 AD2d 470, 471 [2001], quoting *People v Plaza,* 133 AD2d 857, 858 [1987]; *see People v Morris,* 100 AD2d 630, 631 [1984], *affd* 64 NY2d 803 [1985]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.