◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL HUDSON, Appellant. [864 NYS2d 64]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered March 29, 2006, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that certain remarks made by the prosecutor during his opening statement and on summation

were improper. However, inasmuch as defense counsel failed to make specific objections to the challenged remarks, the defendant's present contentions concerning those remarks are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Young,* 118 AD2d 745 [1986]). In any event, the challenged remarks either were responsive to arguments made by defense counsel, constituted fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (*see People v Olivo,* 23 AD3d 584 [2005]).

The defendant's contentions that the trial court improperly failed to conduct a *Ventimiglia* hearing (*see People v Ventimiglia,* 52 NY2d 350 [1981]) to determine the admissibility of certain testimony, and improperly failed to repeat cautionary instructions to the jury concerning note-taking, are also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bethea,* 34 AD3d 489, 490 [2006]; *People v Ramos,* 306 AD2d 295 [2003]; *People v Caraballo,* 221 AD2d 553, 554 [1995]). In any event, any error was harmless since there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Williams,* 50 AD3d 709 [2008]; *People v Caraballo,* 221 AD2d at 554).

The defendant's challenge to the legal sufficiency of the evidence is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Lopez,* 161 AD2d 670, 671 [1990]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.