■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BAILEY, Appellant. [916 NYS2d 518]—

Appeal by the defendant from a resentence of the County Court, Nassau County (Kase, J.), imposed September 1, 2009, which, upon the granting of his motion pursuant to CPL 440.20 to set aside a sentence of the same court (Winick, J.) imposed March 25, 1987, upon his conviction of sodomy in the first degree, upon a jury verdict, resentenced him as a persistent felony offender.

Ordered that the resentence is affirmed.

On March 25, 1987, after the defendant was convicted at a jury trial of having forcibly sodomized another inmate at the Nassau County Correctional Center (*see* Penal Law former § 130.50 [1]), he was sentenced as a persistent violent felony offender to an indeterminate prison term of 25 years to life. In February 2009, upon the People's concession that the predicate offenses were not violent felonies and that the defendant had thus improperly been sentenced as a persistent violent felony

offender, the County Court granted the defendant's motion to set aside the sentence pursuant to CPL 440.20. Upon inquiry into the defendant's history and character, the County Court determined that the defendant should be resentenced as a persistent felony offender, and it resentenced him to an indeterminate prison term of 20 years to life.

The defendant's contention that New York's persistent felony offender statutes violate the Sixth Amendment right to trial by jury is without merit (*see People v Bell*, 15 NY3d 935, 936 [2010]; *People v Battles*, 16 NY3d 54, 59 [2010]; *People v Quinones*, 12 NY3d 116, 128-131 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Rivera*, 5 NY3d 61, 66 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.