THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WELLINGTON, Appellant. [923 NYS2d 581]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered January 9, 2009, convicting him of assault in the second degree and criminal pos-

session of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court committed reversible error in permitting the jurors to take notes during a requested readback of a portion of the jury charge without providing cautionary instructions is unpreserved for appellate review because the defendant neither objected to the note-taking nor requested that the court give a cautionary instruction (see CPL 470.05 [2]; *People v Harris*, 72 AD3d 1110, 1112 [2010]; *People v Hudson*, 54 AD3d 774, 775 [2008]; *People v Ramos*, 306 AD2d 295 [2003]; *People v Caraballo*, 221 AD2d 553, 554 [1995]; *People v White*, 210 AD2d 446, 446-447 [1994]; *People v Stewart*, 179 AD2d 731, 733 [1992], *affd* 81 NY2d 877 [1993]; *People v DiLuca*, 85 AD2d 439, 446 [1982]). Since there is no indication in the record that any of the jurors actually took notes, we decline to reach the issue in the exercise of our interest of justice jurisdiction (see *People v Ramos*, 306 AD2d 295 [2003]; *People v Elias*, 163 AD2d 230, 232 [1990]).

The defendant's contention that New York's persistent violent felony offender statute violates the Sixth Amendment right to trial by jury is without merit (see *People v Bell*, 15 NY3d 935, 936 [2010], *cert denied* 563 US —, — S Ct —, 2011 WL 939017, 2011 US LEXIS 3487 [2011]; *People v Bailey*, 81 AD3d 741, 742 [2011]; *People v Ayuso*, 80 AD3d 708 [2011]).

The defendant's contention in his pro se supplemental brief, in effect, that the Supreme Court should have reopened the suppression hearing based on certain trial evidence, is unpreserved for appellate review, since he did not request this relief before the Supreme Court (see CPL 470.05 [2]; *People v Riley*, 79 AD3d 911, 912 [2010]; *People v Clanton*, 69 AD3d 754 [2010]; *People v Hossain*, 298 AD2d 599, 600 [2002]). Having failed to move to reopen the hearing, the defendant may not rely upon trial evidence to challenge the suppression ruling (see *People v Riley*, 79 AD3d at 912; *People v Fleming*, 65 AD3d 702, 703 [2009]; *People v Rice*, 39 AD3d 567, 568 [2007]). Moreover, "the propriety of the denial of the defendant's suppression motion must be determined based upon the evidence before the suppression court" (*People v Fleming*, 65 AD3d at 703-704; *see People v Gonzalez*, 55 NY2d 720, 722 [1981], *cert denied* 456 US 1010 [1982]). Here, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to sup-

press the showup identification, the lineup identification, and his statement to police on the ground that the initial stop and detention were unlawful. "Where a police officer has reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person" (*People v Hollman*, 79 NY2d 181, 185 [1992]; *see People v Hicks*, 68 NY2d 234, 242 [1986]; *People v Mais*, 71 AD3d 1163, 1164 [2010]; *People v Hines*, 46 AD3d 912, 913 [2007]). The Supreme Court properly determined that the police had reasonable suspicion to stop and detain the defendant for a showup identification based upon the defendant's appearance, which matched the description of the perpetrator as broadcast over the police radio, and the police officers' observations of the defendant walking away from the scene of the crime shortly after the shooting was reported to have occurred (*see People v Hicks*, 78 AD3d 1075, 1075-1076 [2010]; *People v Mais*, 71 AD3d at 1164; *People v Hines*, 46 AD3d at 913; *People v Quinones*, 45 AD3d 874 [2007], *affd* 12 NY3d 116 [2009]; *People v Green*, 10 AD3d 664 [2004]). Furthermore, based on the report that shots had been fired at the scene, "the police had a reasonable basis for believing defendant to be armed, and they were justified in approaching him with their guns drawn" (*People v Brown*, 127 AD2d 674, 674 [1987]; *see People v Chestnut*, 51 NY2d 14, 21 [1980], *cert denied* 449 US 1018 [1980]; *People v Sledge*, 225 AD2d 711 [1996]).

The defendant's contention in his pro se supplemental brief that he was deprived of the effective assistance of counsel is based on matter dehors the record and may not be reviewed on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Redmon*, 81 AD3d 752, 753 [2011]; *People v Johnson*, 59 AD3d 738 [2009]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.