■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAQUAN BOWERS, Appellant. [50 NYS3d 138]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered May 5, 2014, convicting him of robbery in the first degree (three counts), criminal possession of a weapon in the second degree, reckless endangerment in the first degree, criminal possession of stolen property in the fifth degree (two counts), and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Shortly before midnight on December 20, 2012, police officers responded to an armed robbery at Blarneys Bar, in Queens. One of the victims told the officers that he had been robbed at gunpoint by four young black men dressed in black and gray hoodies. The officers were also told that the robbers had taken money and three cell phones. While some of the officers began canvassing the area, others remained at the scene, using a tracking application and information supplied by one of the victims to locate one of the stolen cell phones. Within minutes, the police were able to track the stolen phone to a car traveling westbound on Rockaway Boulevard with "numerous people" inside. There were no other cars or pedestrians in the vicinity and the car was traveling in the direction indicated by the tracking software. The police made the decision to stop the vehicle at the intersection of 92nd Street and Rockaway Boulevard, and the tracking software confirmed that the signal remained stationary at that precise location.

A forcible stop and detention is permissible "[w]here a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor" (*People v De Bour*, 40 NY2d 210, 223 [1976]; *see* CPL 140.50 [1]). Reasonable suspicion has been defined as "that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Martinez*, 80 NY2d 444, 448 [1992] [internal quotation marks omitted]). "Resolution of the issue of whether the police officers possessed reasonable suspicion requires evaluation of the totality of the circumstances" (*People v Loper*, 115 AD3d 875, 879 [2014]). Here, it was reasonable for the officers to believe that individuals in possession of a stolen cell phone approximately 30 minutes after the robbery were the same people who had committed the robbery.

The defendant's contention that the People failed to lay a proper foundation regarding the reliability of the tracking software is unpreserved for appellate review, as no objection was made to the officer's testimony regarding the use of such software (*see* CPL 470.05 [2]; *People v Hinspeter*, 12 AD3d 617, 618 [2004]), and the defendant did not request a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]).

The defendant raises no other issue on appeal.

Therefore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence obtained after the legal stop. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.