People v Ramirez (2018 NY Slip Op 00171)





People v Ramirez


2018 NY Slip Op 00171


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2013-08347
 (Ind. No. 30/12)

[*1]The People of the State of New York, respondent, 
v
Timothy Ramirez, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget R. Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered August 12, 2013, convicting him of conspiracy in the second degree, attempted murder in the second degree (two counts), assault in the first degree, and attempted assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his right to be present during a material stage of the trial was not violated when, in his absence, and in the absence of defense counsel and the prosecutor, the County Court notified the jurors that they were going to be sequestered and delivered sequestration instructions. While a defendant has a statutory right to be present when the jury is given instructions or information by the court (see CPL 310.30; People v Mehmedi, 69 NY2d 759, 760), not every communication with a deliberating jury requires the presence of the defendant (see People v Bonaparte, 78 NY2d 26, 30). Here, the court gave no instructions or information pertinent to the case which would have required the defendant's presence. The colloquy was purely ministerial and wholly unrelated to the substantive legal and factual issues of the trial (see People v Hameed, 88 NY2d 232, 241). Therefore, the challenged discussion bore no substantial relationship to the defendant's opportunity to defend against the charges, and it did not violate his right to be present (see id. at 241; People v Bonaparte, 78 NY2d at 30; People v Harris, 76 NY2d 810, 812).
The defendant's contention that the County Court improperly failed to repeat in its final charge cautionary instructions to the jury concerning note-taking is unpreserved for appellate review (see CPL 470.05[2]; People v Wellington, 84 AD3d 984, 985; People v Harris, 72 AD3d 1110, 1112; People v Hudson, 54 AD3d 774, 775; People v Ramos, 306 AD2d 295; People v Caraballo, 221 AD2d 553, 554). In any event, any error was harmless, since there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 237; People v Hudson, 54 AD3d at 775; People v Caraballo, 221 AD2d at 554).
The defendant's contention that the County Court erred in admitting evidence of a prior uncharged crime is unpreserved for appellate review. The defendant made only a general objection to that line of questioning and failed to advise the court that the present claimed error was the basis for his objection. The word "objection" alone was insufficient to preserve the issue for appellate review (see People v Tevaha, 84 NY2d 879; People v Croswell, 63 AD3d 754; People v [*2]Young, 278 AD2d 261), since the evidence was not inherently incompetent (see People v Till, 87 NY2d 835, 836-837; People v Vidal, 26 NY2d 249, 254). In any event, the defendant's contention is without merit.
The defendant's contention that certain comments made by the prosecutor during his summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Grant, 137 AD3d 938, 938). In any event, the challenged remarks were either within the broad bounds of permissible rhetorical comment, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or otherwise did not deprive the defendant of a fair trial (see People v Hawley, 112 AD3d 968, 969; People v McGowan, 111 AD3d 850, 851; People v Cromwell, 99 AD3d 1017, 1018). Further, there is no merit to the defendant's contention that the cumulative effect of the alleged trial errors, combined with the prosecutor's comments, deprived him of a fair trial (see People v Racks, 125 AD3d 692, 694).
Contrary to the defendant's contention, the sentence imposed by the County Court did not improperly penalize him for exercising his right to a jury trial. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (see People v Stevenson, 129 AD3d 998, 1000; People v Murray, 116 AD3d 1068, 1069). A review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Murray, 116 AD3d at 1069; People v Griffin, 98 AD3d 688, 690). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court