People v James (2018 NY Slip Op 08148)





People v James


2018 NY Slip Op 08148


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-08757
 (Ind. No. 335/16)

[*1]The People of the State of New York, respondent,
v
Jonathan James, appellant.


Richard M. Langone, Garden City, NY (Constantine Dellis on the brief), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni Piplani, and Jimei Hon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered August 10, 2017, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Douglas S. Wong, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
At the defendant's suppression hearing, Police Officer James St. Germain testified that he and his partner responded to the scene of a shooting where they found a gunshot victim, Devin Williams. Williams described the shooter as a male wearing all black clothing, including a hoodie, and told the police officers that the shooter had boarded a bus at the nearby bus stop, which the officers observed was on the Q4 bus route. Approximately 15 minutes after speaking with Williams, the officers located a Q4 bus 1½ miles away from the scene of the shooting. The officers observed the defendant sitting in the back of the bus wearing a black hoodie and black pants. The officers boarded the bus, asked the defendant to stand up, and asked the defendant if he had a gun on him. The defendant "nodded down to his waistband." The officers recovered a gun from the defendant's waistband, and then arrested the defendant.
The defendant moved, inter alia, to suppress the gun recovered by the officer. The Supreme Court denied that branch of the motion, finding that the officers properly detained and questioned the defendant because they had reasonable suspicion to believe that he had committed a crime. The defendant contends that the court erred in denying that branch of the motion, since the officers did not have reasonable suspicion to believe that he had committed a crime, and therefore improperly stopped and detained him.
Police officers may stop or detain an individual if they have information which "provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed" (People v Martinez, 80 NY2d 444, 447; see People v Bowers, 148 AD3d 1042, 1043). "Reasonable suspicion" is the "quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113; see People v Bowers, 148 AD3d at 1043). In determining whether a police [*2]officer possessed reasonable suspicion, the court must evaluate the totality of the circumstances (see People v Loper, 115 AD3d 875, 879). Generally, a police officer has reasonable suspicion to stop and detain an individual where the individual matches the description of a perpetrator's appearance and is located close to the crime scene, both temporally and geographically (see People v Wellington, 84 AD3d 984, 986; People v Hines, 46 AD3d 912, 913; People v Private, 259 AD2d 504, 504; see also Matter of Jakwon R., 110 AD3d 723, 724-725).
Here, Police Officer St. Germain testified that the victim of the shooting provided a description of the shooter and indicated that the shooter had boarded a Q4 bus. Shortly thereafter, and within reasonable proximity to the scene of the shooting, the officers observed the defendant, whose clothing matched the victim's description, riding on a Q4 bus. Under these circumstances, the officers had reasonable suspicion to stop and detain the defendant, which led to the recovery of the weapon on his person (see Matter of Jakwon R., 110 AD3d at 724-725; People v Wellington, 84 AD3d at 986; People v Hines, 46 AD3d at 913).
The defendant's remaining contention does not require reversal.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court