People v Maschoun (2020 NY Slip Op 04968)





People v Maschoun


2020 NY Slip Op 04968


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-13506
 (Ind. No. 755/16)

[*1]The People of the State of New York, respondent,
v
Aurelio Maschoun, appellant.


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered November 20, 2017, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 15, 2016, at approximately 3:50 a.m., police officers responded to the scene of a robbery, where the complainant described the assailant as a short Hispanic male wearing dark or black clothes. Approximately 10 minutes later, two plainclothes police officers observed the defendant, who matched the description of the suspect, walking within a mile of the scene of the robbery. The police officers approached the defendant and displayed their badges, and one officer placed a hand on the defendant's chest. Before the police officer could request a show-up with the complainant, the defendant fled, resulting in a pursuit. Upon being captured, the defendant was placed on the ground with his legs crossed. The defendant, however, fled a second time. The police officers again pursued the defendant. Upon capturing the defendant, the police officers placed him in handcuffs, which the defendant resisted by flailing his arms and legs. After a jury trial, the defendant was convicted of resisting arrest.
The defendant's contention that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review, as his motion to dismiss made at the close of evidence was not sufficiently specific with respect to the count of resisting arrest (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A person is guilty of resisting arrest, as charged in this case, "when he intentionally [*2]prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person" (Penal Law § 205.30). Here, the evidence established that the police effectuated an authorized arrest of the defendant.
Contrary to the defendant's contention, the general description of the suspect, which included his gender, ethnicity, stature, and clothing, paired with the defendant's close physical and temporal proximity to the scene of the robbery, gave the police reasonable suspicion to stop the defendant (see People v James, 166 AD3d 1011, 1012; People v Mais, 71 AD3d 1163, 1164). Reasonable suspicion escalated to probable cause to arrest when the defendant twice attempted to flee from the police, and resisted being handcuffed. The police officers effectuated an arrest of the defendant by overcoming his efforts to evade capture and by overpowering his efforts to resist being physically restrained (see People v Baez, 175 AD3d 553, 554; People v Cruz, 137 AD3d 1158, 1159).
The defendant's further contention that the complainant's description of the suspect was not sufficiently reliable to justify a stop because it was relayed to the police through an unidentified civilian interpreter is also without merit. The face-to-face nature of the police officers' encounter with the complainant and the unidentified civilian interpreter sufficiently enhanced the reliability of the description provided by the civilian to supply the police with reasonable suspicion to stop the defendant (see People v Sledge, 225 AD2d 711, 712; People v Reddick, 124 AD2d 609, 609-610).
Contrary to the defendant's contention, his trial counsel's failure to preserve for appellate review his challenge to the legal sufficiency of the evidence did not constitute ineffective assistance of counsel (see People v McGee, 20 NY3d 513, 518; People v Pearsall, 171 AD3d 1096).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court