People v Brown (2021 NY Slip Op 04146)





People v Brown


2021 NY Slip Op 04146


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-10803
 (Ind. No. 919/17)

[*1]The People of the State of New York, respondent,
v
Torrey Brown, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel; Daniel Chasin, Sara Lerner, and Nosson Sternbach on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered August 13, 2018, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon review of the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant's challenge to the Supreme Court's charge to the jury is without merit. The charge as given properly stated the applicable legal principles and did not confuse or mislead the jury (see CPL 300.10[2]; People v Samuels, 99 NY2d 20, 25-26; People v Gonsalez, 144 AD3d 841, 842).
The defendant's contention that his trial counsel was ineffective is without merit (see People v McGee, 20 NY3d 513, 518; People v Maschoun, 186 AD3d 1402, 1404).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., BRATHWAITE NELSON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court