People v Dantzler (2022 NY Slip Op 04917)

People v Dantzler

2022 NY Slip Op 04917

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2018-06121
 (Ind. No. 1316/16)

[*1]The People of the State of New York, respondent,
v
Joseph Dantzler, appellant.

Patricia Pazner, New York, NY (Priya Raghavan of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered April 11, 2018, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence.
ORDERED that the judgment is affirmed.
The defendant contends that the stop of a vehicle in which he had just entered, and from which the police recovered stolen merchandise, was not supported by reasonable suspicion, and thus, the physical evidence and identification evidence obtained should have been suppressed as the unlawful fruits of that stop. Reasonable suspicion is required for the police to stop and detain an individual (see CPL 140.50; People v Hollman, 79 NY2d 181, 185; People v De Bour, 40 NY2d 210, 223; People v Bowers, 148 AD3d 1042, 1043). "Reasonable suspicion has been defined as 'that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand'" (People v Bowers, 148 AD3d at 1043, quoting People v Martinez, 80 NY2d 444, 448 [internal quotation marks omitted]), and "[r]esolution of the issue of whether the police officers possessed reasonable suspicion requires evaluation of the totality of the circumstances" (People v Loper, 115 AD3d 875, 879). Here, in light of the evidence demonstrating that the defendant and his codefendants matched the general description of the perpetrators of the crime broadcast over the police radio, along with the defendant's temporal and spatial proximity to the scene of the crime, the police had reasonable suspicion to stop the vehicle which the defendant and his codefendants had just entered (see People v Maschoun, 186 AD3d 1402; People v Sonam, 180 AD3d 717; People v Gray, 143 AD3d 909, 909; People v Currie, 131 AD3d 1265, 1265-1266).
The defendant further contends that the hearing testimony of one of the police officers who effectuated the stop of the vehicle was incredible. "A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177; see People v Burbridge, 194 AD3d 831, 833; People [*2]v Maiwandi, 170 AD3d 750). Here, there is no basis to disturb the Supreme Court's credibility determinations, which are supported by the record (see People v Kelly, 131 AD3d 484, 485; People v Glenn, 53 AD3d 622, 624). Accordingly, the court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence as the fruits of an unlawful stop.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he validly waived his right to be present during supplemental jury instructions and the rendition of the verdict (see People v Spotford, 85 NY2d 593, 598; People v Parker, 57 NY2d 136, 141).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court