People v Rhames (2023 NY Slip Op 03805)

People v Rhames

2023 NY Slip Op 03805

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-02194
 (Ind. No. 2101/19)

[*1]The People of the State of New York, appellant,
v
Tyshawn Rhames, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Hannah X. Scotti, and Michael Tadros of counsel; Victoria Randall on the brief), for appellant.
Patricia Pazner, New York, NY (Anna Kou of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (John Zoll, J.), dated February 25, 2021, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the order is affirmed.
The defendant was indicted for, inter alia, criminal possession of a weapon in the second degree and, in an omnibus motion, moved, among other things, to suppress physical evidence. At a suppression hearing, a police officer (hereinafter the testifying officer) testified that on June 1, 2019, he, along with two other officers, were in plain clothes on patrol in an unmarked vehicle on Vernon Boulevard, in the vicinity of the Queensbridge Houses in Queens. The testifying officer, the driver of the vehicle, observed a group of individuals cross Vernon Boulevard and proceed toward the Queensbridge Houses. One of the individuals, the defendant, attracted the testifying officer's attention. The defendant was wearing a red, hooded sweatshirt, and the testifying officer observed an object with an "almost like . . . V shape" weighing down the front pocket of the sweatshirt. The testifying officer believed that the object had the size and shape consistent with a firearm. The defendant was eating food and carrying a plate while walking with the group, and eventually, discarded both the food and plate in the street.
The testifying officer shared his observations with his fellow officers in the vehicle. A sergeant, who was one of the officers in the vehicle, then exited the vehicle, approached the defendant, identified himself, and asked to speak with the defendant. The defendant did not respond and immediately fled into the area surrounding the Queensbridge Houses via a pedestrian pathway. The officers all pursued the defendant. The testifying offer stopped the defendant, and, in the midst of apprehension, the defendant removed a firearm from his possession and slid it under a nearby vehicle. The sergeant recovered the firearm.
The Supreme Court determined that the police officers were not authorized to pursue the defendant and granted that branch of the defendant's omnibus motion which was to suppress physical evidence. The People appeal.
On a motion to suppress physical evidence, the People have the burden of establishing that the police conduct was legal in the first instance (see People v Harris, 192 AD3d 151, 157-158). The authority of the police to engage with the public in a law enforcement capacity is assessed under the four-tiered analytical framework set forth in People v De Bour (40 NY2d 210). "[L]evel one permits a police officer to request information from an individual and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality; level two, the common-law right of inquiry, permits a somewhat greater intrusion and requires a founded suspicion that criminal activity is afoot; level three authorizes an officer to forcibly stop and detain an individual, and requires a reasonable suspicion that the particular individual was involved in a felony or misdemeanor; level four, arrest, requires probable cause to believe that the person to be arrested has committed a crime" (People v Dubuisson, 206 AD3d 757, 758 [internal quotation marks omitted]).
Reasonable suspicion exists where there is a "quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113; see People v Dantzler, 208 AD3d 590, 591; People v Bowers, 148 AD3d 1043). "To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion. Vague or unparticularized hunches will not suffice" (People v Cantor, 36 NY2d at 113; see People v Laviscount, 116 AD3d 976, 978).
A suspect's flight alone or in conjunction with equivocal circumstances that might suggest a police request for information is insufficient to justify pursuit. Pursuit is only authorized when flight is combined with circumstances indicating that the suspect might be engaged in criminal activity (see People v Holmes, 81 NY2d 1056, 1058; People v Rhames, 196 AD3d 510, 512; People v Clermont, 133 AD3d 612, 614).
Here, the People failed to meet their burden of establishing the legality of the pursuit and stop of the defendant. The evidence presented was insufficient to demonstrate that the police had a reasonable suspicion that the defendant was engaged in criminal activity. Contrary to the People's contention, the testifying officer's observation of a V-shaped object weighing down the defendant's sweatshirt did not provide a reasonable suspicion of criminal activity (see People v Holmes, 81 NY2d at 1058; People v Rhames, 196 AD3d at 514; People v Clermont, 133 AD3d at 614). There was no evidence that the defendant was acting in a suspicious manner, and the equivocal circumstances in conjunction with the defendant's flight was insufficient to justify police pursuit of the defendant (see People v Rhames, 196 AD3d 510).
The People's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress physical evidence.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court