People v Richardson (2023 NY Slip Op 04218)

People v Richardson

2023 NY Slip Op 04218

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2017-12914
 (Ind. No. 16-00065)

[*1]The People of the State of New York, respondent,
v
Benjamin Richardson, appellant.

Lisa H. Blitman, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered October 19, 2017, convicting him of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that his forcible stop and subsequent frisk, from which the police recovered an empty gun holster containing ammunition and heroin, was not supported by reasonable suspicion, and thus, the physical evidence obtained should have been suppressed as the unlawful fruits of that stop. Reasonable suspicion is required for the police to stop and detain an individual (see CPL 140.50; People v Hollman, 79 NY2d 181, 185; People v De Bour, 40 NY2d 210, 223; People v Bowers, 148 AD3d 1042, 1043). "Reasonable suspicion has been defined as 'that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand'" (People v Bowers, 148 AD3d at 1043, quoting People v Martinez, 80 NY2d 444, 448 [internal quotation marks omitted]), and "[r]esolution of the issue of whether the police officers possessed reasonable suspicion requires evaluation of the totality of the circumstances" (People v Loper, 115 AD3d 875, 879). Here, in light of the evidence demonstrating that the defendant matched the general description of the perpetrator who had [*2]menaced another person with a gun that was broadcast over the police radio, along with the defendant's temporal and spatial proximity to the scene of that incident, the police had reasonable suspicion to stop and frisk the defendant (see People v De Bour, 40 NY2d at 223; People v Maschoun, 186 AD3d 1402; People v Currie, 131 AD3d 1265). The defendant's contention that his forcible stop was an arrest is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Allen, 73 NY2d 378, 379-380).
Contrary to the People's contention, the defendant's contention that his convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree were not based upon legally sufficient evidence was preserved for appellate review. However, his contention that his conviction of criminal possession of a controlled substance in the third degree was not based upon legally sufficient evidence was not preserved for appellate review. In any event, both contentions are without merit. In viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court