People v Black (2025 NY Slip Op 01943)

People v Black

2025 NY Slip Op 01943

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-09678
 (Ind. No. 72407/21)

[*1]The People of the State of New York, respondent,
v
Daniel Black, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano and Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Allison Marculitis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered October 31, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (E. Niki Warin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the facts, the defendant's plea of guilty is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
According to testimony elicited at a suppression hearing, on July 20, 2021, at approximately 9:55 p.m., Officer Andrew Tofalli was a passenger seated behind the driver in an unmarked vehicle traveling westbound on Sterling Place in Brooklyn when he observed a group of three individuals walking down the sidewalk in the opposite direction. Tofalli testified that two of the individuals were wearing white T-shirts and walking ahead of the defendant, who was wearing a black T-shirt. Tofalli allegedly observed one of the individuals in white (hereinafter the initial target) adjusting his waistband. Tofalli exited the vehicle and approached the group. Upon approaching the group, the initial target lifted his T-shirt, showing his waistband to Tofalli. Tofalli touched both sides of the initial target's waist. During this interaction, Tofalli allegedly observed the defendant, who was standing approximately two feet directly behind the initial target, pull up his pants, causing his shirt to be pulled tight and revealing an L-shaped outline in his waistband. Tofalli testified that he stated, "come over here," and the defendant turned around and ran. Tofalli and his fellow officers pursued the defendant on foot, caught the defendant, and searched him, resulting in the discovery of a firearm beneath the defendant's pants. Tofalli's entire interaction, beginning with his exit from the vehicle through the defendant's capture, was not audible on a recording obtained from Tofalli's body-worn camera, which was admitted into evidence at the hearing, as Tofalli failed to activate his body-worn camera in accordance with police protocol.
Following the suppression hearing, the Supreme Court denied that branch of the [*2]defendant's omnibus motion which was to suppress physical evidence. The defendant subsequently entered a plea of guilty to attempted criminal possession of a weapon in the second degree.
"On a motion to suppress, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Brown, 198 AD3d 803, 805). "While great weight must be accorded the credibility findings of the hearing court, this Court has also observed 'that in assessing credibility we should not discard common sense and common knowledge'" (People v Harris, 192 AD3d 151, 163, quoting Matter of Carl W., 174 AD2d 678, 679 [internal quotation marks omitted]). "'The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case'" (id., quoting People v Maiwandi, 170 AD3d 750, 751). "Furthermore, this Court has consistently held that it 'will not hesitate to refuse to credit testimony which has all appearances of having been patently tailored to nullify constitutional objections'" (id., quoting People v Lebron, 184 AD2d 784, 784).
"'In order to justify police pursuit, the officers must have reasonable suspicion that a crime has been, is being, or is about to be committed'" (People v Ravenell, 175 AD3d 1437, 1438 [internal quotation marks omitted], quoting People v Furrs, 149 AD3d 1098, 1099; see People v Holmes, 81 NY2d 1056, 1058). Reasonable suspicion exists where there is a "quantum of knowledge sufficient to induce an ordinarily prudent and cautious man [or woman] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113; see People v Dantzler, 208 AD3d 590, 591). "A suspect's flight alone or in conjunction with equivocal circumstances that might suggest a police request for information is insufficient to justify pursuit," and "[p]ursuit is only authorized when flight is combined with circumstances indicating that the suspect might be engaged in criminal activity" (People v Rhames, 218 AD3d 610, 612; see People v Holmes, 81 NY2d at 1058; People v Ravenell, 175 AD3d at 1439).
Here, the People failed to establish the legality of the police conduct in the first instance, as Tofalli's testimony was incredible as a matter of law and patently tailored to meet constitutional objections (see People v Leon, 222 AD3d 998; People v Harris, 192 AD3d at 164-165; People v Lebron, 184 AD2d at 787). Tofalli's testimony that when the defendant pulled up his pants he was able to see an "L-shape" outline in the defendant's waistband while the initial target was standing two feet in front of the defendant directly between Tofalli and the defendant defies common sense and strains credulity. Moreover, Tofalli's testimony was inconsistent with the notes he made in his memo book, arrest reports generated after the incident, and his testimony before the grand jury, none of which made any mention of the initial target (see People v Rhames, 196 AD3d 510, 513), and was further inconsistent with the recording obtained from Tofalli's body-worn camera, which revealed that prior to his interaction with the initial target, the defendant was not touching his pants, and does not depict the defendant's T-shirt tightening around an "L-shape" object. Accordingly, under the circumstances presented, we find Tofalli's testimony unworthy of belief (see People v Leon, 222 AD3d at 1000; People v Harris, 192 AD3d at 164).
Accordingly, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress physical evidence. Therefore, the indictment must be dismissed, and the matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50 (see People v Rhames, 196 AD3d at 515).
In light of our determination, we need not reach the defendant's remaining contention.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court