■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY RIVERA, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Fisher, J.), rendered November 2, 1990, convicting him of criminal possession of a controlled substance in the fourth degree under Indictment No. 11364/90, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, rendered December 19, 1990, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 13864/89, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court, also rendered December 19, 1990, convicting him of criminal sale of a controlled substance in

the third degree, under Indictment No. 11503/90, upon his plea of guilty, and imposing sentence. The appeal under Indictment No. 11364/90 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the court did not erroneously deny the branch of his omnibus motion which was to suppress the cocaine recovered from him upon his arrest. At the suppression hearing, the People presented the testimony of a police officer who testified that upon the information provided by an unidentified citizen, he observed a large plastic bag filled with a white substance that appeared to be cocaine on the defendant's lap, while the defendant slept in an automobile parked in an alley. After seeing this contraband in plain view, the officer placed the defendant under arrest. Another packet of cocaine was discovered after the defendant was searched. Although the defendant asserts that this testimony was a fabrication, tailored to nullify constitutional objections, the record fails to support this claim (see, People v Prochilo, 41 NY2d 759; People v Foster, 173 AD2d 841; People v Armstead, 98 AD2d 726; cf., People v Miret-Gonzelez, 159 AD2d 647). It is well settled that issues of credibility are primarily to be determined by the hearing court which saw and heard the witnesses, and should not be set aside unless clearly erroneous (see, People v Prochilo, supra). On the instant record it cannot be said that the testimony proffered by the investigating police officer was incredible as a matter of law nor was it clearly tailored to nullify constitutional objections. As the hearing court's determination was fully supported by the record, we will not disturb it on appeal.

We have examined the defendant's remaining contentions and find them to be without merit (see, People v Kazepis, 101 AD2d 816; People v Suitte, 90 AD2d 80). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.