■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BREACH, Appellant. [647 NYS2d 969] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered December 1, 1993, convicting him of kidnapping in the first degree (three counts), rape in the first degree (six counts), sodomy in the first degree (six counts),

criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree (seven counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in concluding that the defendant's apartment was not searched until after a valid search warrant had been obtained. It is well settled that issues of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly erroneous or unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Rivera, 186 AD2d 692; People v Bailey, 179 AD2d 662). As the hearing court's determination was fully supported by the record, it will not be disturbed on appeal.

The defendant failed to preserve for appellate review his contention that there is legally insufficient evidence that he abducted the three complainants and that he did so with the intent to abuse them sexually, because he failed to make a motion to dismiss specifically directed at that alleged error (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10; People v Udzinski, 146 AD2d 245, 248-252). In addition, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those counts is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that the evidence was legally insufficient to support his rape, sodomy, weapons possession, and weapons use convictions is unpreserved for appellate review (see, CPL 470.05 [2]; People v Gray, supra; People v Udzinski, supra), and in any event, is without merit. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to those counts is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Altman, Hart and McGinity, JJ., concur.