■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SANTIAGO, Appellant. [680 NYS2d 189] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered December 15, 1995, convicting defendant, after a nonjury trial, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Within a minute of a radio transmission reporting that an armed robbery had been committed by a bald white or Hispanic man, wearing a sweatshirt and a brown jacket, the police officers observed defendant, who fit the description, in the vicinity of the crime scene. These circumstances gave the police reasonable suspicion upon which to stop and frisk defendant (*People v Salaman*, 71 NY2d 869). The relatively minor discrepancy in the officers' recollection of the color of defendant's pants does not preclude a finding of reasonable suspicion given the totality of the circumstances. Further, the officer who recovered a toy gun did not exceed the bounds of a permissible frisk by reaching under defendant's jacket (*People v Andrews*, 243 AD2d 321, 323-324, *lv denied* 91 NY2d 923). Although this officer did not testify at the hearing, the fact that he felt a gun-like object could be inferred from the nature of the toy gun itself.

The trial court properly considered the lesser included charge of attempted second-degree robbery since a reasonable view of the evidence supported a finding that no property was taken from the victim.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). There was ample circumstantial evidence, including the toy gun itself, establishing that it appeared to the non-testifying victim that he was being threatened with a pistol (*People v Baskerville*, 60 NY2d 374, 381). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.