■ The People of the State of New York, Respondent, v Mani Motz, Also Known as Victor Perez, Also Known as Carlos Mateo, Appellant. [682 NYS2d 30] —Judgment, Supreme Court, New York County (Richard Andrias, J., at suppression hearing and speedy trial motion; Richard Carruthers, J., at jury trial, sentence and post-trial motion), rendered November 15, 1995, convicting defendant of criminal possession of a controlled substance in the second degree and criminal possession of handcuffs, and sentencing him, as a second felony offender, to a term of 10 years to life and a conditional discharge, respectively, unanimously affirmed.

There was sufficient evidence to establish defendant's guilt, since the jury reasonably could have inferred that defendant knew the weight of the narcotics from his handling of the 3-ounce rock of cocaine, worth thousands of dollars, and the 11 vials of that substance (People v Sanchez, 86 NY2d 27). The fact that he was acquitted on the possession with intent to sell count does not undermine his conviction on the second-degree count (see, People v Laboy, 254 AD2d 80). The court properly admitted expert testimony about the packaging and distribution of cocaine, since such information was beyond the knowl-

edge of the average lay person and was relevant to the issue of intent and knowledge.

Defendant's CPL 30.30 motion was properly denied. The court properly excluded the 170-day period at issue, since defendant's use of a different name and other information in a subsequent arrest established his intent to evade apprehension and prosecution and thereby relieved the People of using due diligence to locate him (*People v Sigismundi*, 89 NY2d 587).

The court properly denied defendant's motion to suppress physical evidence, since the circumstances that defendant's clothing exactly matched that mentioned in the description, that he was the only one so dressed at the mentioned location, and that the radio report indicated that the suspect had a gun, provided reasonable suspicion to stop and frisk him (*People v Santiago*, 253 AD2d 673).

Defendant's contention that he was denied his right to be present and to give meaningful input during the voir dire is not supported by the record.

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.