■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SOLANO, Appellant. [848 NYS2d 431]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered August 31, 2006, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

In the early afternoon of November 14, 2005, Eric Hesch of the City of Schenectady Police Department saw David Messmore, who was known to Hesch to be a substance abuser, walking

towards a corner store on Eastern Avenue in the City of Schenectady, Schenectady County. Hesch pulled his unmarked police car alongside Messmore and spoke with him briefly about the neighborhood. Messmore indicated a nearby section where drug trade was occurring. As they talked, a car with tinted windows and North Carolina plates drove by, slowed down and honked its horn. According to Hesch, Messmore "waived [the car] off" after which Messmore turned around, got into his car and followed the other car around the corner. Hesch then turned the same corner and saw both cars pulled over on the right side of the road. Hesch pulled behind the cars which, after a moment or two, drove away. Hesch then drove a short distance away, turned around and found both cars pulled over by the right side of the road on a different block, with Messmore's car parked behind the car with North Carolina plates. Hesch pulled across the road, placing the front of his vehicle in close proximity to the front of the North Carolina car. Although he did not see Messmore in the back seat of the North Carolina car prior to that time, he and his partner, after quickly approaching, discovered him to be there. They also discovered defendant in the front passenger seat. Hesch then radioed for backup reinforcement and one of the backup officers, while conducting a pat-down frisk of defendant, ran his fingers under the elastic at the cuff of defendant's sweatpants and two pieces of crack cocaine fell out. Defendant was handcuffed and taken to the station where a subsequent search revealed nine more bags of crack cocaine in defendant's possession.

Defendant appeals from the judgment convicting him of criminal possession of a controlled substance in the fourth degree, and argues only that the police lacked a reasonable suspicion to believe that he was involved in criminal activity and that the stop and seizure were therefore illegal and the drugs should be suppressed. We agree and reverse.

It is well settled that police officers, in order to legally forcibly stop and seize an individual, must have articulable, reasonable suspicion that the individual was involved in criminal activity (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v McNair*, 36 AD3d 1073, 1074 [2007], *lv denied* 9 NY3d 847 [2007]). A seizure occurs when there is "a significant interruption with an individual's liberty of movement" (*People v De Bour*, 40 NY2d at 216; *see People v Ocasio*, 85 NY2d 982, 984 [1995]). In determining whether an individual's actions rise to the level of reasonable suspicion, police officers are permitted to interpret the behavior in light of their training and experience (*see People v Nichols*, 277 AD2d 715, 716-717 [2000]; *see also*

*People v Williams*, 39 AD3d 1269, 1270 [2007], *lv denied* 9 NY3d 871 [2007]), although "innocuous behavior alone will not generate a . . . reasonable suspicion that a crime is at hand" (*People v De Bour*, 40 NY2d at 216).

Here, it is undisputed that a seizure occurred. Moreover, it is our view that it occurred at the moment that Hesch pulled his vehicle in front of the North Carolina car and approached the car. At that time, Hesch had observed no criminal activity of any kind (*compare People v Nichols*, 277 AD2d at 716-717). Although Hesch testified that the actions of the parties led him to believe that "maybe there was some type of criminal activity afoot," the conduct which he observed is susceptible of innocent interpretation (*see People v Bailey*, 204 AD2d 751, 752-753 [1994]). The record lacks any other basis for the stop of the vehicles under surveillance.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.