THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK BARLEY, Appellant. [919 NYS2d 86]—

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress a statement he made to law enforcement officials. The defendant's statement, although made before being informed of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), was spontaneous and "was not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him" (*People v Castro*, 73 AD3d 800, 801 [2010]; *see People v Henderson*, 57 AD3d 562 [2008]).

Moreover, the credibility determinations of a hearing court are accorded deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759 [1977]; *People v George*, 78 AD3d 728 [2010]; *People v Pearson*, 20 AD3d 575, 576 [2005]; *People v Rivera*, 186 AD2d 692 [1992]). Here, the hearing testimony of a police officer, who stated that he observed the defendant in possession of a gun in plain view inside the defendant's vehicle after stopping the vehicle for a traffic violation, was not incredible and did not appear to have been patently tailored to nullify constitutional objections (*see People v James*, 19 AD3d 617 [2005]; *People v Foster*, 173 AD2d 841 [1991]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.