■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAFAHRI GOLDSON, Appellant. [26 NYS3d 543]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered April 23, 2014, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sullivan, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

In order to justify a frisk or "pat-down" of a suspect's outer clothing, a police officer must have "knowledge of some fact or circumstance that supports a reasonable suspicion that the suspect is armed or poses a threat to safety" (*People v Batista*, 88 NY2d 650, 654 [1996]; *see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Shuler*, 98 AD3d 695, 696 [2012]; CPL 140.50 [1], [3]). "In determining whether an individual's actions rise to the level of reasonable suspicion, police officers are permitted to interpret the behavior in light of their training and experience" (*People v Solano*, 46 AD3d 1223, 1224 [2007]; *see People v Fletcher*, 130 AD3d 1063, 1065 [2015], *lv granted* 26 NY3d 1044 [2015]). Here, in light of the large bulge observed in the defendant's waistband, the nature of the defendant's movement of his hand down the length of that bulge, the testifying police officer's training and experience, and the other attendant circumstances, the evidence at the suppression hearing established that the police had reasonable suspicion to stop and frisk the defendant (*see People v Fletcher*, 130 AD3d at 1064; *People v Caicedo*, 69 AD3d 954 [2010]; *see also Matter of George G.*, 73 AD3d 624 [2010]). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the firearm recovered as a result of the frisk.

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant's statements, although made before being informed of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were spontaneous and were "not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him" (*People v Barley*, 82 AD3d 996, 996 [2011] [internal quotation marks omitted]; *see People v Wallace*, 128 AD3d 866 [2015]). Rivera, J.P., Leventhal and Sgroi, JJ., concur.

Hinds-Radix, J., concurs in the result on constraint of this Court's majority decision and order in *People v Fletcher* (130 AD3d 1063 [2015], *lv granted* 26 NY3d 1044 [2015]).