People v South (2021 NY Slip Op 06870)





People v South


2021 NY Slip Op 06870


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-04348
 (Ind. No. 8329/17)

[*1]The People of the State of New York, respondent,
v
Richard South, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sharen D. Hudson, J.), rendered August 6, 2019, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joanne D. Quiñones, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress a gun recovered from his person. On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; see People v Worrell, 170 AD3d 1048, 1050). The defendant bears the ultimate burden of proving that the evidence should not be used against him or her (see People v Berrios, 28 NY2d 361, 367; People v Worrell, 170 AD3d at 1050).
"In People v De Bour (40 NY2d 210), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity. The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality. The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion. The third level permits a police officer to forcibly stop and detain an individual. Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime. The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime" (People v Karagoz, 143 AD3d 912, 913-914 [internal quotation marks omitted]; see People v De Bour, 40 NY2d at 223; People v Lawrence, 188 AD3d 1095).
Here, the evidence at the suppression hearing established that the police had the requisite reasonable suspicion to stop and also to frisk the defendant (see People v Pope, 194 AD3d [*2]449; People v Goldson, 136 AD3d 1053, 1054; People v Sawyer, 270 AD2d 293; People v Santiago, 253 AD2d 673). Therefore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered as a result of the frisk.
The Supreme Court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials at the time of the stop. The defendant's statements were spontaneous and were "not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him" (People v Barley, 82 AD3d 996, 996 [internal quotation marks omitted]; see People v Goldson, 136 AD3d at 1054).
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court