People v Simon-Roberson (2022 NY Slip Op 05046)

People v Simon-Roberson

2022 NY Slip Op 05046

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2018-05153
 (Ind. No. 8885/15)

[*1]The People of the State of New York, respondent,
v
Tyshawn Simon-Roberson, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Guidice, J.), rendered February 13, 2018, convicting him of manslaughter in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a certain statement he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of manslaughter in the first degree (Penal Law § 125.20[1]), attempted assault in the first degree (id. §§ 110.00, 120.10[1]), and criminal possession of a weapon in the second degree (id. § 265.03[3]), in connection with an incident involving two rival gangs that occurred on October 26, 2015, on a crowded street in Brooklyn. During the incident, one victim was fatally shot. A second victim was shot in the leg and survived.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress a statement made by the defendant to a detective while the defendant was being fingerprinted during the booking process. The subject statement was spontaneous and was not "triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him" (People v South, 200 AD3d 812, 813 [internal quotation marks omitted]; see People v Goldson, 136 AD3d 1053, 1054; People v Barley, 82 AD3d 996, 996).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Bazile, 199 AD3d 823, 824). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, [*2]7 NY3d 633).
The defendant's remaining contentions either are without merit or do not require reversal.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court