People v Alleyne (2025 NY Slip Op 01941)

People v Alleyne

2025 NY Slip Op 01941

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02973
 (Ind. No. 70295/22)

[*1]The People of the State of New York, respondent,
v
Roger Alleyne, appellant.

Law Offices of Joseph S. Gulino, Jr., Esq., PLLC, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered March 2, 2023, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of one count of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and two counts of criminal possession of a weapon in the third degree (id. § 265.02[1], [3]). The defendant contends that the County Court should have suppressed the gun found in his possession when he was frisked by police officers for lack of reasonable suspicion.
Pursuant to People v De Bour (40 NY2d 210), there is "a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity" (People v Benbow, 193 AD3d 869, 871 [internal quotation marks omitted]). "The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality" (id. [internal quotation marks omitted]). "The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion" (id. [internal quotation marks omitted]). "Based upon a founded suspicion that criminal activity is afoot, the subject may be asked to produce identification, may be asked whether he [or she] has weapons, and may be asked to remove his [or her] hands from his [or her] pockets" (Matter of Shakir J., 119 AD3d 792, 794-795 [citation omitted]; see People v Muhammed, 196 AD3d 1151, 1152-1153). "The third level permits a police officer to forcibly stop and detain an individual" (People v Benbow, 193 AD3d at 871 [internal quotation marks omitted]). "Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime" (id. [internal quotation marks omitted]). "A corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects that he [or she] is in danger of physical injury by virtue of the detainee being armed" (People v De Bour, 40 NY2d at 223). "The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime" (People v Benbow, 193 AD3d at 871 [internal quotation marks omitted]).
Here, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Contrary to the defendant's contention, under the circumstances, the officers had a founded suspicion that criminal activity was afoot, supporting a level-two inquiry at the outset of the encounter (see People v King, 164 AD3d 915, 915; People v Abdul-Mateen, 126 AD3d 986, 987-988). Under the facts of this case, the officers' repeated requests to the defendant to show his hands and to step down from the elevated surface on which he was standing were reasonable (see People v Abdul-Mateen, 126 AD3d at 988). The defendant's failure to comply with these requests, combined with his action in positioning his body to hide his right hand and right side from the officers' view, escalated the encounter such that the officer was then justified in briefly detaining the defendant and frisking him for self-protection (see People v Baker, 205 AD3d 815, 817; People v Alston, 23 AD3d 487, 488).
Accordingly, the evidence at the suppression hearing established that, although the encounter began as a level-two inquiry, the defendant, through his actions, escalated the encounter into a level-three stop, and the officer recovered the gun as part of a justifiable frisk of the defendant during the level-three stop (see People v Baker, 205 AD3d at 817; People v South, 200 AD3d 812, 813).
Therefore, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered as a result of the frisk.
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court